**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 118554

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK
### NEW YORK DIVISION

| | |
|---|---|
| Navindra Rajkumar and Raymond Junmok Kim, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FBCS, Inc., <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Navindra Rajkumar and Raymond Junmok Kim, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against FBCS, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Navindra Rajkumar is an individual who is a citizen of the State of New York residing in Bronx County, New York.

6.      Plaintiff Raymond Junmok Kim is an individual who is a citizen of the State of New York residing in Nassau County, New York.

7.      Plaintiff Rajkumar is a natural person allegedly obligated to pay a debt.

8.      Plaintiff Kim is a natural person allegedly obligated to pay a debt.

9.      Plaintiff Rajkumar is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.     Plaintiff Kim is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11.     On information and belief, Defendant FBCS, Inc., is a Pennsylvania Corporation with a principal place of business in Montgomery County, Pennsylvania.

12.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

13.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14.     The principal purpose of Defendant's business is the collection of such debts.

15.     Defendant uses the mails in its debt collection business.

16.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

17.     Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

18.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell*

*v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

19.    To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

20.    As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

21.    Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

22.    If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

23.    The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFFS

24.    Defendant alleges each of the Plaintiffs owe a debt ("the alleged Debts").

25.     The alleged Debts are alleged obligations of Plaintiffs to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

26.     The alleged Debts do not arise from any business enterprise of Plaintiffs.

27.     The alleged Debts are "debts" as defined by 15 U.S.C. § 1692a(5).

28.     At an exact time known only to Defendant, the alleged Debts were each assigned or otherwise transferred to Defendant for collection.

29.     At the time the alleged Debts were assigned or otherwise transferred to Defendant for collection, the alleged Debts were in default.

30.     In its efforts to collect the debt allegedly owed by Plaintiff Rajkumar, Defendant contacted Plaintiff Rajkumar by letter ("the Rajkumar Letter") dated January 7, 2019. (A true and accurate copy is annexed hereto as **Exhibit 1.**")

31.     In its efforts to collect the debt allegedly owed by Plaintiff Kim, Defendant contacted Plaintiff Kim by letter ("the Kim Letter") dated May 23, 2019. (A true and accurate copy is annexed hereto as **Exhibit 2.**")

32.     The aforementioned letters are sometimes referred to herein as collectively as "the Letters."

33.     The Letters conveyed information regarding the alleged Debts.

34.     The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

35.     The Rajkumar Letter was the initial communication Plaintiff Rajkumar received from Defendant.

36.     The Kim Letter was the initial communication Plaintiff Kim received from Defendant.

37.     The Letters were received and read by Plaintiffs.

38.     The Letters are identical for all materially relevant purposes herein.

39.     15 U.S.C. § 1692g protects Plaintiffs' concrete interests. Plaintiffs have the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiffs of this right.

40.     15 U.S.C. § 1692e protects Plaintiffs' concrete interests. Plaintiffs have the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiffs of this right.

41.     The deprivation of Plaintiffs' rights will be redressed by a favorable decision herein.

**FIRST COUNT**
**Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**
**As To Plaintiff Rajkumar**

42.     Plaintiff Rajkumar repeats and realleges the foregoing paragraphs as if fully restated herein.

43.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

44.     The written notice must contain the amount of the debt.

45.     The written notice must contain the name of the creditor to whom the debt is owed.

46.     The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

47.     The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

48.     The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

49.     A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

50.     Even if a debt collector conveys the required information accurately, the debt

collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

51.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

52.     A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

53.     It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

54.     It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

55.     It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(4) statement.

56.     It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(4) statement.

57.     It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(5) statement.

58.     It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(5) statement.

59.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)  statements.

60.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a) statements.

61.     The Letter immediately under the validation notice states, "FBCS, Inc. is not obligated to renew this offer."

62.     Allowing a consumer to dispute a debt is not an offer, but is a right under the FDCPA.

63.     Allowing a consumer to dispute a debt is not an offer that must be renewed by a debt collector.

64.     Allowing a consumer to demand and receive verification of a debt is not an offer, but is a right under the FDCPA.

65.     Allowing a consumer to demand and receive verification of a debt is not an offer that must be renewed by a debt collector.

66.     The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not obligated to accept disputes.

67.     The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to obtain verification of the debt if requested.

68.     The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to send the verification of the debt to Plaintiff.

69.     The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to send information concerning the original creditor if requested by Plaintiff.

70.     The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, would make the least sophisticated consumer unsure as to her right to dispute the debt.

71.      The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, would confuse the least sophisticated consumer as to her right to dispute the debt.

72.     "FBCS, Inc. is not obligated to renew this offer" in the above context, overshadows the required 15 U.S.C. § 1692g(a) statements.

73.     "FBCS, Inc. is not obligated to renew this offer" in the above context, contradicts the required 15 U.S.C. § 1692g(a) statements.

74.     "FBCS, Inc. is not obligated to renew this offer" in the above context, when examined from the perspective of the least sophisticated consumer, overshadows the required 15 U.S.C. § 1692g(a) statements.

75.     "FBCS, Inc. is not obligated to renew this offer" in the above context, when examined from the perspective of the least sophisticated consumer, contradicts the required 15 U.S.C. § 1692g(a) statements.

76.     "FBCS, Inc. is not obligated to renew this offer" in the above context, when

examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

77.    "FBCS, Inc. is not obligated to renew this offer" in the above context, violates 15 U.S.C. § 1692g.

78.    "FBCS, Inc. is not obligated to renew this offer" in the above context, violates 15 U.S.C. § 1692g(b).

79.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

80.    While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

81.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

82.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

83.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

84.    "FBCS, Inc. is not obligated to renew this offer" in the above context, can be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

85.    The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not obligated to accept disputes.

86.    The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to obtain verification of the debt if requested.

87.    The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to send the verification of the debt to Plaintiff.

88.    The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to

send information concerning the original creditor if requested by Plaintiff.

89.     FBCS, Inc. is not obligated to renew this offer" in the above context, can be read inaccurately by least sophisticated consumer.

90.     The Letter, as a result of the foregoing, is deceptive.

91.     The Letter, as a result of the foregoing, constitutes a deceptive means to attempt to collect the Debt.

92.     The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692g(b).

93.     The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692e.

94.     The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692e(10).

95.     For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff Rajkumar therefor.

**SECOND COUNT**
**Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**
**As To Plaintiff Rajkumar**

96.     Plaintiff Rajkumar repeats and realleges the foregoing paragraphs as if fully restated herein.

97.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

98.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

99.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

100.     In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

101.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

102.    In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

103.    A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

104.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

105.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

106.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

107.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

108.    The Letter contains multiple addresses for Defendant.

109.    The first address, located at the top left of the Letter, is: P.O. Box 1116 Charlotte, NC 28201-1116.

110.    The second address, located at the top right of the Letter, is: 330 S. WARMINSTER RD. SUITE 353 HATBORO, PA 19040.

111.    The third address, located on the website to which the Letter directs, is: 3860 Bayshore Road, Suite 8 North Cape May, NJ 08204.

112.    The fourth address, located on the website to which the Letter directs, is: 3802 Corporex Park Drive, Suite 160 Tampa, FL 33619.

113.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer pursuant to 15 U.S.C. § 1692g(a)(4), the consumer must dispute the debt in writing.

114.    The Letter fails to instruct the consumer to which of the multiple addresses provided written disputes must be sent.

115.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her written dispute.

116.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her written dispute.

117.    Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all.

118.    Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

119.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

120.    In order to be entitled to obtain the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(a)(5), the consumer must request such in writing.

121.    The Letter fails to instruct the consumer to which of the multiple addresses provided requests for the name of the original creditor must be sent.

122.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her request for the name of the original creditor.

123.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her request for the name of the original creditor.

124.    Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all.

125.    Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

126.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request for the name of the original creditor.

127.    As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer confused as to her rights.

128.    As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer uncertain as to her rights.

129.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to dispute the debt provided by 15 U.S.C. § 1692g(a)(3).

130.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

131.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

132.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to dispute the alleged Debt provided by 15 U.S.C. § 1692g(a)(3).

133.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

134.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

135.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

136.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

137.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

138.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

139.    A    collection    letter    also    violates    15    U.S.C.    §    1692e    if    it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

140.    The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her written dispute.

141.    The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her written dispute.

142.    The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her written dispute to any of the multiple addresses provided.

143.    As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation concerning where the consumer must send her written dispute, at least one of which is inaccurate.

144.    As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her written dispute.

145.    Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

146.    The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

147.    The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

148.    The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her request for the name and address of the original creditor to any of the multiple addresses provided.

149.    As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, is open to more than one reasonable interpretation concerning where the consumer must send her send her request for the name and address of the original creditor.

150.    As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her request for the name and address of the original creditor.

151.    Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

152.    For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff Rajkumar therefor.

## THIRD COUNT
## Violations of 15 U.S.C. §§ 1692e and 1692e(10)
## As To Plaintiff Rajkumar

153.    Plaintiff Rajkumar repeats and realleges the foregoing paragraphs as if fully restated herein.

154.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

155.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

156.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

157.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

158.    A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

159.    The Letter states, The Letter in the payment options states: "Pay $59.82 as a down-payment and the remaining balance of $239.27 30 days after your 1st payment is received."

160.    The Letter fails to state whether the settlement payment must be sent by the consumer, or received by the Defendant, by the stated deadline in order to accept the settlement offer.

161.    Whether a payment would actually settle the debt is, by definition, a material term

14

of a settlement offer and must be communicated clearly and effectively.

162.    The Letter can be interpreted by least sophisticated consumer to mean that such payment must be mailed to the Defendant by the stated deadline in order to accept the settlement offer.

163.    The Letter can also be interpreted by least sophisticated consumer to mean that such payment must be received by the Defendant by the stated deadline in order to accept the settlement offer.

164.    The least sophisticated consumer reading the Letter would be left to wonder about a material term of the offer.

165.    As a result of the foregoing, in the eyes of the least sophisticated consumer, the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

166.    Because the Letter is open to more than one reasonable interpretation by least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

167.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

168.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff Rajkumar therefor.

**FOURTH COUNT**
**Violations of 15 U.S.C. §§ 1692e and 1692e(10)**
**As To Plaintiff Rajkumar**

169.    Plaintiff Rajkumar repeats and realleges the foregoing paragraphs as if fully restated herein.

170.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

171.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

172.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

173.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

174.    A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

175.    The Letter states, "Pay $59.82 as a down-payment and the remaining balance of $239.27 30 days after your 1st payment is received."

176.    The Letter provides multiple addresses for Defendant.

177.    The first address, located at the top left of the Letter, is: P.O. Box 1116 Charlotte, NC 28201-1116.

178.    The second address, located at the top right of the Letter, is: 330 S. WARMINSTER RD. SUITE 353 HATBORO, PA 19040.

179.    The third address, located on the website to which the Letter directs, is: 3860 Bayshore Road, Suite 8 North Cape May, NJ 08204.

180.    The fourth address, located on the website to which the Letter directs, is: 3802 Corporex Park Drive, Suite 160 Tampa, FL 33619.

181.    The Letter fails to state to which of the above addresses the settlement payment must be sent by the deadline in order for the consumer to accept the settlement offer.

182.    Whether a payment would actually settle the debt is, by definition, a material term of a settlement offer and must be communicated clearly and effectively.

183.    The least sophisticated consumer reading the Letter would be left to wonder about a material term of the offer, i.e. where to mail the payment before the deadline.

184.    The least sophisticated consumer would not know to which of the multiple addresses the payment should be mailed.

185.    The least sophisticated consumer would be unsure whether her payment would be treated as an acceptance of the settlement offer if sent to any or all of the addresses.

186.    The least sophisticated consumer could send her payment to the wrong address and still be liable for the balance of the Debt.

187.    The least sophisticated consumer also may not send her payment for fear that it would not be treated as an acceptance of the settlement offer if sent to the wrong address.

16

188.    Because the Letter is open to more than one reasonable interpretation by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

189.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

190.    Because the Letter is open to more than one reasonable interpretation by least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

191.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

192.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.


### FIFTH COUNT
### Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)
### As To Plaintiff Rajkumar

193.    Plaintiff Rajkumar repeats and realleges the foregoing paragraphs as if fully restated herein.

194.    15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

195.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

196.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

197.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

198.    15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

199.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

200.    A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

201.    A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

202.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

203.    A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

204.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

205.    A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

206.    The Letter buries the required validation notice within its text.

207.    The required validation notice is contained on the second page in running text in the body of the Letter in the same font size and color as the rest of the body of the Letter.

208.    The Letter diverts attention to various other rights and information listed in pointers in the body of the letter.

209.    The Letter further diverts the consumer's attention to the hours of operation listed in a peculiar format above the required validation notice.

210.    The 15 U.S.C. § 1692g rights, relative to the other language in the Letter, are visually inconspicuous.

211.    The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the body of the Letter.

18

212.    The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the deemphasized writing in the Letter.

213.    The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the 15 U.S.C. § 1692g rights.

214.    The Letter does not otherwise direct the consumer's attention to the 15 U.S.C. § 1692g rights in any way.

215.    There is no transitional language directing the reader to the 15 U.S.C. § 1692g rights.

216.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading it.

217.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way to encourages the least sophisticated consumer to believe that the language is unimportant.

218.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading them.

219.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned and deemphasized in such a way that it discourages the least sophisticated consumer from exercising her rights.

220.    The format of the Letter overshadows the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

221.    The format of the Letter overshadows the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

222.    The format of the Letter overshadows of the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

223.    The format of the Letter is inconsistent with the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

224.    The format of the Letter is inconsistent with the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

225.    The format of the Letter is inconsistent with the consumer's right to request the

name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

226.    The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to his rights.

227.    The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to his rights.

228.    The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook his rights.

229.    The Letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

230.    The Letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

231.    The Letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

232.    The Letter is structured in such a way that it discourages Plaintiff from reading his validation rights.

233.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to dispute the alleged Debt.

234.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to request validation of the alleged Debt.

235.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

236.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

237.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

238.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

239.    A  collection  letter  also  violates  15  U.S.C.  §  1692e  if  it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

240.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

241.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff Rajkumar therefor.

## SIXTH COUNT
## Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)
## As To Plaintiff Kim

242.    Plaintiff Kim repeats and realleges the foregoing paragraphs as if fully restated herein.

243.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

244.    The written notice must contain the amount of the debt.

245.    The written notice must contain the name of the creditor to whom the debt is owed.

246.    The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

247.    The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

248.    The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

249.    A debt collector has the obligation, not just to convey the required information,

but also to convey such clearly.

250.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

251.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

252.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

253.    It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

254.    It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

255.    It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(4) statement.

256.    It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(4) statement.

257.    It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(5) statement.

258.    It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(5) statement.

259.    It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)  statements.

260.    It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a) statements.

261.    The Letter immediately under the validation notice states, "FBCS, Inc. is not obligated to renew this offer."

262.    Allowing a consumer to dispute a debt is not an offer, but is a right under the FDCPA.

263.     Allowing a consumer to dispute a debt is not an offer that must be renewed by a debt collector.

264.     Allowing a consumer to demand and receive verification of a debt is not an offer, but is a right under the FDCPA.

265.     Allowing a consumer to demand and receive verification of a debt is not an offer that must be renewed by a debt collector.

266.     The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not obligated to accept disputes.

267.     The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to obtain verification of the debt if requested.

268.     The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to send the verification of the debt to Plaintiff.

269.     The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to send information concerning the original creditor if requested by Plaintiff.

270.     The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, would make the least sophisticated consumer unsure as to her right to dispute the debt.

271.      The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, would confuse the least sophisticated consumer as to her right to dispute the debt.

272.     "FBCS, Inc. is not obligated to renew this offer" in the above context, overshadows the required 15 U.S.C. § 1692g(a) statements.

273.     "FBCS, Inc. is not obligated to renew this offer" in the above context, contradicts the required 15 U.S.C. § 1692g(a) statements.

274.     "FBCS, Inc. is not obligated to renew this offer" in the above context, when examined from the perspective of the least sophisticated consumer, overshadows the required 15 U.S.C. § 1692g(a) statements.

275.     "FBCS, Inc. is not obligated to renew this offer" in the above context, when examined from the perspective of the least sophisticated consumer, contradicts the required 15

U.S.C. § 1692g(a) statements.

276.    "FBCS, Inc. is not obligated to renew this offer" in the above context, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

277.    "FBCS, Inc. is not obligated to renew this offer" in the above context, violates 15 U.S.C. § 1692g.

278.    "FBCS, Inc. is not obligated to renew this offer" in the above context, violates 15 U.S.C. § 1692g(b).

279.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

280.    While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

281.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

282.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

283.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

284.    "FBCS, Inc. is not obligated to renew this offer" in the above context, can be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

285.    The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not obligated to accept disputes.

286.    The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to obtain verification of the debt if requested.

287.    The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to send the verification of the debt to Plaintiff.

288.    The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to send information concerning the original creditor if requested by Plaintiff.

289.    FBCS, Inc. is not obligated to renew this offer" in the above context, can be read inaccurately by least sophisticated consumer.

290.    The Letter, as a result of the foregoing, is deceptive.

291.    The Letter, as a result of the foregoing, constitutes a deceptive means to attempt to collect the Debt.

292.    The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692g(b).

293.    The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692e.

294.    The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692e(10).

295.    For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff Kim therefor.

### SEVENTH COUNT
### Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)
### As To Plaintiff Kim

296.    Plaintiff Kim repeats and realleges the foregoing paragraphs as if fully restated herein

297.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

298.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

299.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

300.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

301.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

302.    In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

303.    A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

304.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

305.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

306.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

307.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

308.    The Letter contains multiple addresses for Defendant.

309.    The first address, located at the top left of the Letter, is: P.O. Box 1116 Charlotte, NC 28201-1116.

310.    The second address, located at the top right of the Letter, is: 330 S. WARMINSTER RD. SUITE 353 HATBORO, PA 19040.

311.    The third address, located on the website to which the Letter directs, is: 3860 Bayshore Road, Suite 8 North Cape May, NJ 08204.

312.    The fourth address, located on the website to which the Letter directs, is: 3802 Corporex Park Drive, Suite 160 Tampa, FL 33619.

313.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer pursuant to 15 U.S.C. § 1692g(a)(4), the consumer must dispute the debt in writing.

314.    The Letter fails to instruct the consumer to which of the multiple addresses provided written disputes must be sent.

315.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her written dispute.

316.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her written dispute.

317.    Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all.

318.    Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

319.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

320.    In order to be entitled to obtain the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(a)(5), the consumer must request such in writing.

321.    The Letter fails to instruct the consumer to which of the multiple addresses provided requests for the name of the original creditor must be sent.

322.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her request for the name of the original creditor.

323.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her request for the name of the original creditor.

324.     Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all.

325.     Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

326.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request for the name of the original creditor.

327.     As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer confused as to her rights.

328.     As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer uncertain as to her rights.

329.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to dispute the debt provided by 15 U.S.C. § 1692g(a)(3).

330.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

331.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

332.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to dispute the alleged Debt provided by 15 U.S.C. § 1692g(a)(3).

333.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

334.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

335.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

336.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

337.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

338.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

339.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

340.    The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her written dispute.

341.    The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her written dispute.

342.    The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her written dispute to any of the multiple addresses provided.

343.    As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation concerning where the consumer must send her written dispute, at least one of which is inaccurate.

344.    As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her written dispute.

345.    Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

346.    The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

347.    The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

348.    The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her request for the name and address of the original creditor to any of the multiple addresses provided.

349.    As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, is open to more than one reasonable interpretation concerning where the consumer must send her send her request for the name and address of the original creditor.

350.    As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her request for the name and address of the original creditor.

351.    Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

352.    For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff Kim therefor.

### EIGHTH COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)
### As To Plaintiff Kim

353.    Plaintiff Kim repeats and realleges the foregoing paragraphs as if fully restated herein.

354.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

355.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

356.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

357.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

358.    A    collection    letter    also    violates    15    U.S.C.    §    1692e    if,    it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

359.    The Letter states, The Letter in the payment options states: "Pay $51.22 as a down-payment and the remaining balance of $204.89 30 days after your 1st payment is received."

360.    The Letter fails to state whether the settlement payment must be sent by the consumer, or received by the Defendant, by the stated deadline in order to accept the settlement offer.

361.    Whether a payment would actually settle the debt is, by definition, a material term of a settlement offer and must be communicated clearly and effectively.

362.    The Letter can be interpreted by least sophisticated consumer to mean that such payment must be mailed to the Defendant by the stated deadline in order to accept the settlement offer.

363.    The Letter can also be interpreted by least sophisticated consumer to mean that such payment must be received by the Defendant by the stated deadline in order to accept the settlement offer.

364.    The least sophisticated consumer reading the Letter would be left to wonder about a material term of the offer.

365.    As a result of the foregoing, in the eyes of the least sophisticated consumer, the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

366.    Because the Letter is open to more than one reasonable interpretation by least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

367.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

368.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff Kim therefor.

**NINTH COUNT**
**Violations of 15 U.S.C. §§ 1692e and 1692e(10)**
**As To Plaintiff Kim**

369.    Plaintiff Kim repeats and realleges the foregoing paragraphs as if fully restated herein.

370.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

371.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

372.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

373.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

374.    A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

375.    The Letter states, "Pay $51.22 as a down-payment and the remaining balance of $204.89 30 days after your 1st payment is received."

376.    The Letter provides multiple addresses for Defendant.

377.    The first address, located at the top left of the Letter, is: P.O. Box 1116 Charlotte, NC 28201-1116.

378.    The second address, located at the top right of the Letter, is: 330 S. WARMINSTER RD. SUITE 353 HATBORO, PA 19040.

379.    The third address, located on the website to which the Letter directs, is: 3860 Bayshore Road, Suite 8 North Cape May, NJ 08204.

380.    The fourth address, located on the website to which the Letter directs, is: 3802 Corporex Park Drive, Suite 160 Tampa, FL 33619.

381.    The Letter fails to state to which of the above addresses the settlement payment must be sent by the deadline in order for the consumer to accept the settlement offer.

382.    Whether a payment would actually settle the debt is, by definition, a material term of a settlement offer and must be communicated clearly and effectively.

383.    The least sophisticated consumer reading the Letter would be left to wonder about a material term of the offer, i.e. where to mail the payment before the deadline.

384.    The least sophisticated consumer would not know to which of the multiple

addresses the payment should be mailed.

385.    The least sophisticated consumer would be unsure whether her payment would be treated as an acceptance of the settlement offer if sent to any or all of the addresses.

386.    The least sophisticated consumer could send her payment to the wrong address and still be liable for the balance of the Debt.

387.    The least sophisticated consumer also may not send her payment for fear that it would not be treated as an acceptance of the settlement offer if sent to the wrong address.

388.    Because the Letter is open to more than one reasonable interpretation by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

389.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

390.    Because the Letter is open to more than one reasonable interpretation by least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

391.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

392.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff Kim therefor.

**TENTH COUNT**
**Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**
**As To Plaintiff Kim**

393.    Plaintiff Kim repeats and realleges the foregoing paragraphs as if fully restated herein.

394.    15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

395.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

396.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the

debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

397.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

398.    15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

399.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

400.    A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

401.    A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

402.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

403.    A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

404.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

405.    A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

406.    The Letter buries the required validation notice within its text.

407.    The required validation notice is contained on the second page in running text in the body of the Letter in the same font size and color as the rest of the body of the Letter.

408.    The Letter diverts attention to various other rights and information listed in pointers in the body of the letter.

409.    The Letter further diverts the consumer's attention to the hours of operation listed in a peculiar format above the required validation notice.

410.    The 15 U.S.C. § 1692g rights, relative to the other language in the Letter, are visually inconspicuous.

411.    The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the body of the Letter.

412.    The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the deemphasized writing in the Letter.

413.    The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the 15 U.S.C. § 1692g rights.

414.    The Letter does not otherwise direct the consumer's attention to the 15 U.S.C. § 1692g rights in any way.

415.    There is no transitional language directing the reader to the 15 U.S.C. § 1692g rights.

416.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading it.

417.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way to encourages the least sophisticated consumer to believe that the language is unimportant.

418.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading them.

419.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned and deemphasized in such a way that it discourages the least sophisticated consumer from exercising her rights.

420.    The format of the Letter overshadows the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

421.    The format of the Letter overshadows the consumer's right to demand verification

of the debt, in violation of 15 U.S.C. § 1692g(b).

422.    The format of the Letter overshadows of the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

423.    The format of the Letter is inconsistent with the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

424.    The format of the Letter is inconsistent with the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

425.    The format of the Letter is inconsistent with the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

426.    The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to his rights.

427.    The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to his rights.

428.    The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook his rights.

429.    The Letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

430.    The Letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

431.    The Letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

432.    The Letter is structured in such a way that it discourages Plaintiff from reading his validation rights.

433.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to dispute the alleged Debt.

434.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to request validation of the alleged Debt.

435.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

436.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

437.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

438.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

439.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

440.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

441.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff Kim therefor.

## CLASS ALLEGATIONS

442.    Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

443.    Plaintiffs seek to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letters sent to Plaintiffs, which letters were sent on or after a date one year prior to the filing of this action to the present.

444.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

445.    The Class consists of more than thirty-five persons.

446.    Plaintiffs' claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

447.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as

a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

448.    Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws

## JURY DEMAND

449.    Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiffs' costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: January 9, 2020

**BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 118554