USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:   03/12/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x

NAVINDRA RAJKUMAR and RAYMOND : 
JUNMOK KIM, *individually and on behalf of all* :
*others similarly situated*, :
                                         :         **20-cv-00218 (ALC)**
                       **Plaintiffs,** :
                                           :         **OPINION & ORDER**
        **-against-** :
                                           :
                                           :
FBCS, INC., :
                                           :
                           **Defendant.**    x

----------------------------------------------------------------- 

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiffs Navindra Rajkumar and Raymond Junmok Kim ("Plaintiffs"), individually and

on behalf of all others similarly situated, bring this action against FBCS, Inc. ("FBCS" or

"Defendant") asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et*

*seq.* ("FDCPA").

      Defendant filed a motion to dismiss Plaintiffs' Complaint. For the reasons set forth

below, Defendant's motion is **GRANTED**.

**BACKGROUND**[1]

      Plaintiffs commenced this action individually and on behalf of all others similarly

situated on January 9, 2020. ECF No. 1 ("Compl."). Plaintiffs alleged that FBCS, a "debt

collector" with its principal place of business in Montgomery County, Pennsylvania, *id.* ¶¶ 11,

16, violated the FDCPA. Plaintiffs' allegations stem from a collection letter received by Ms.

---

[1] When determining whether to dismiss a case, the court accepts as true all factual allegations in the complaint and
draws all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir.
2011). Furthermore, "[a] complaint is deemed to include any written instrument attached to it as an exhibit." *Sira v.
Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted); Fed. R. Civ. P. 10(c). Pursuant to that standard, this
recitation of facts is based on Plaintiffs' Complaint and accompanying exhibits. *See* ECF No. 1.

Rajkumar dated January 7, 2019, *id.* ¶ 30, and a collection letter received by Mr. Kim dated May 23, 2019, *id.* ¶ 31. *See also id*. Exs. 1-2; Stoughton Aff. Ex. 1.[2] The collection letters received by each Plaintiff are substantively identical.

At the top right of the letter is Defendant's name in bold, followed by Defendant's address in Hatboro, PA and phone number. Compl. Exs. 1-2; Stoughton Aff. Ex. 1. At the top left corner is the word "From:" in caps, bold and italicized, followed by a P.O. Box address in Charlotte, North Carolina. *Id.* Directly below that are the words "Personal & Confidential," bolded and in caps. *Id.* Further below is the Plaintiff's address and to the right of that is the date of the letter. *Id.*

The body of the letter begins with the question "Interested in saving $[---.--]?" *Id.* It goes on to state that the current creditor has "authorized [FBCS] to accept a reduced amount to resolve [Plaintiff's] account." *Id.* This is then followed by details of the amount owed to the current creditor. *Id.* It then provides four options to pay the "reduced amount": (1) "Pay the reduced amount of $[---.--] to us in one payment;" (2) "Pay $[--.--] as a down-payment and the remaining

---

[2] The exhibits attached to Plaintiffs' Complaint, which are alleged to be "true and accurate" copies of the collection letters received by Plaintiffs, Compl. ¶¶ 30-31, are missing the detachable payment slips originally attached to the bottom of the letter. *See* Stoughton Aff. ¶¶ 7-8; *see also id.* Ex. 1. Plaintiffs do not contest that the payment slips were originally attached to the bottom of the letters they received. Indeed, you can actually see the top of the payment slips in the exhibits attached to Plaintiffs' Complaint (and the full payment slip on the second page of Exhibit 2 attached to Plaintiffs' Complaint). Because these payment slips appear to be part of the collection letters that Plaintiffs received and which form the basis for their Complaint, they are "integral" to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[T]he court may nevertheless consider [a document] where the complaint relies heavily upon its terms and effect, which renders the document 'integral' to the complaint." (internal citation and quotation marks omitted)). Plaintiffs also do not challenge the authenticity or accuracy of Exhibit 1 attached to the Stoughton Affidavit. *Cf. DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("[E]ven if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." (internal citation and quotation marks omitted)). Thus, the Court will consider Exhibit 1 attached to the Stoughton Affidavit, which contains the collection letters Plaintiffs received (in all respects identical to the collection letters attached to the Complaint, with the exception of the payment slips, which are cut off from Plaintiffs' copies). However, the Court will not consider Exhibit 2 attached to the Stoughton Affidavit, as the envelopes in which the collection letters arrived and the return envelopes included with the collection letters are neither attached to the Complaint, nor incorporated by reference. *Cf. Chambers*, 282 F.3d at 152 ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or . . . incorporated in it by reference." (internal citation and quotation marks omitted)). The Court also does not deem this exhibit as "integral" to the Complaint. *Cf. Chambers*, 282 F.3d at 153.

balance of $ [---.--] 30 days after your 1st payment is received;" (3) "[S]plit your reduced amount into 3 payments of $[--.--] each" and directing Plaintiff to "call [FBCS's] office for details;" or (4) Plaintiff could "[c]ontact one of [FBCS's] agents, who have been specially trained to listen to your circumstances and guide you through the process," as there could be "other payment options available based on [Plaintiff's] specific situation." *Id.* The fourth option provides a phone number to call, which is the same phone number as the one provided at the top right of the letter, beneath Defendant's address. *Id.* Below the payment options provided, Plaintiff is also invited to visit Defendant's website. *Id.* The letter is signed by "Mike Sacco." *Id.* Below Mike Sacco's "signature," is the text "*** Please see reverse side for important information.***" *Id.* The very bottom of the letter also includes a detachable payment slip which lists Defendant's Hatboro, PA address twice, both times beneath Defendant's name in bold. *Id.* The payment slip can be used to select Plaintiff's preferred payment option and sent to Defendant with payment. *Id.*

The back of the letter contains Defendant's hours of operation, *id.*, as well as the following notices:

> This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.
>
> FBCS, Inc. is not obligated to renew this offer.

*Id.* Under these notices is Defendant's New York City license number. *Id.* Lastly, the back of the letter provides the following notices:

i. Debt collectors are prohibited from engaging in abusive, deceptive and misleading debt collection efforts including but not limited to threats of violence, obscene or profane language and repeated phone calls made with the intent to annoy, abuse or harass you.

ii. If a creditor or debt collector receives a money judgment against you in court, state or federal laws may prevent the following types of income from being taken to pay the debt: Supplemental Security Income (SSI), Social Security, Public Assistance, Spousal support, child support, alimony, Unemployment benefits, Disability benefits, Workers' compensation benefits, Public or Private pensions, Veterans' benefits, Federal student loans, Federal student grants, Federal work study funds and ninety percent of your wages or salary earned in the last sixty days.

*Id.*

Plaintiffs allege that these letters violate the FDCPA in multiple ways. *First*, Plaintiff alleges that the language on the back of the letter indicating that Defendant "is not obligated to renew this offer" violates the FDCPA because it "could lead the least sophisticated consumer to believe that Defendant is not obligated to accept disputes," "not required to obtain [or send Plaintiff] verification of the debt if requested," and "not required to send information concerning the original creditor if requested by Plaintiff." *See*, Compl. ¶¶ 66-69, 85-88; *see also id.* ¶¶ 70-75 (noting that this language would make the least sophisticated consumer "unsure" and/or "confuse[d]" as to her right to dispute the debt and that it "overshadows" and "contradicts" the required § 1692g(a) statements); ¶ 76 (noting that this language would make the least sophisticated consumer believe her dispute must be "in writing"); ¶¶ 84, 89-90 (noting that this language "can be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate" and as a result is "deceptive").[3]

*Second*, Plaintiffs assert that the letter violates FDCPA's requirement that a collection letter make clear that a consumer can dispute a debt in writing and that a consumer can request the name and address of the original creditor. They allege that because the letter contains two

---

[3] In their Complaint, Plaintiffs include duplicative sets of allegations—one set as to Ms. Rajkumar, and the other as to Mr. Kim. Because the allegations are identical, the Court will reference only the allegations as to Ms. Rajkumar.

separate mailing addresses and the website on the letter contains two additional addresses, the lease sophisticated consumer would "likely be confused [and uncertain] as to which of the multiple addresses she should" send her written dispute and/or request for the name of the original creditor, and would likely not exercise these rights and/or would be "discourage[d]" from exercising these rights. Compl. ¶¶ 108-126; *see also id.* ¶¶ 129-34 (noting that multiple addresses "overshadow" and are "inconsistent" with consumers' § 1692g(a) rights); ¶¶ 140-51 (least sophisticated consumer could read the letter and "be reasonably confused" and "uncertain" as to where to send her written dispute and/or request for the name and address of the original creditor; collection letter with multiple addresses is "open to more than one reasonable interpretation [by the least sophisticated consumer]").

*Third*, Plaintiffs allege that the offer to make a down-payment, and then pay the remaining balance within thirty days, violates the FDCPA because it is open to multiple interpretations as to when the thirty days expires. *Id.* ¶¶ 159-167. Plaintiffs also assert that the offer is open to multiple interpretations because it is unclear where the settlement payment must be sent. *Id.* ¶¶ 181-191.

*Finally*, Plaintiffs allege that the letter "buries the required validation notice within its text" as it is "contained on the second page in running text in the body of the [l]etter in the same font size and color as the rest of the body of the [l]etter" and "the . . . § 1692g rights are . . . visually inconspicuous . . . [and] cannot be readily discerned from the rest of the . . . [l]etter." *Id.* ¶¶ 206-215; *see also* ¶¶ 216-219, 232-234 (§ 1692g rights are positioned such that the least sophisticated consumer would be "discourage[d]" from reading or exercising them, and would be "encourage[d]" to believe they are "unimportant"); ¶¶ 220-228 (format of the letter "overshadows" and is "inconsistent" with consumers' § 1692g rights and would likely make the

least sophisticated consumer "uncertain" or "confused" as to her rights or likely to "overlook" her rights).

Defendant filed their motion to dismiss and supporting memorandum of law on March 13, 2020 ("Def. Mot."). ECF Nos. 12-13. Plaintiffs filed their opposition to Defendant's motion to dismiss on April 3, 2020 ("Pl. Opp."), ECF No. 14, and Defendant submitted a reply in further support of their motion on April 17, 2020 ("Def. Reply"), ECF No. 15. On September 2, 2020, Defendant filed a motion for leave to file sur-reply, ECF No. 16, which this Court denied on September 19, 2020, ECF No. 18. However, the Court permitted Defendant to file a supplemental letter brief discussing recent authority by no later than September 28, 2020, and also permitted Plaintiff to file a responsive supplemental letter brief by no later than October 5, 2020. *Id.* Defendant filed their supplemental letter brief on September 25, 2020, ECF No. 19, and Plaintiffs responded on October 5, 2020, ECF No. 20. Defendant's motion to dismiss is deemed fully briefed. After careful consideration, Defendant's motion to dismiss is hereby **GRANTED**.

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal citations and quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

6

alleged." *Id*. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [,] [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## DISCUSSION

Plaintiffs brought this class action pursuant to the FDCPA. "A violation under the FDCPA requires that (1) the plaintiff be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a 'debt collector,' and (3) the defendant must have engaged in an act or omission of the FDCPA's requirements." *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559-60 (E.D.N.Y. 2017) (internal citation omitted), *aff'd*, 740 F. App'x 742 (2d Cir. 2018). The Court assumes the first two elements are true given that Defendant does not dispute these elements. Defendant only disputes that the collection letters Plaintiffs received violated the FDCPA.

"In [the Second] Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). The purpose of this standard "is to ensure that the statute protects the gullible as well as the shrewd." *Id*. However, "[e]ven in 'crafting a norm that protects the naive and the credulous,'" courts "have 'carefully preserved the concept of reasonableness.'" *Id*. (quoting *Clomon*, 988 F.2d at 1319); *see also Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (the least sophisticated consumer is "neither irrational nor a dolt"), *cert. denied*, 560 U.S. 926.

Judge Matsumoto recently addressed identical claims arising from a substantially similar debt collection letter sent by Defendant to a different consumer. *See Dillard v. FBCS, Inc.*, No.

19-cv-968, 2020 WL 4937808 (E.D.N.Y. Aug. 24, 2020). The Court agrees with the reasoning set forth in *Dillard* that (1) the use of multiple addresses does not render the debt collection letters misleading or in violation of the FDCPA since "[e]ven the least sophisticated consumer should be able to deduce that Defendant's address is the address that appears below Defendant's name three times," *id.* at *4; (2) when read as a whole, "the least sophisticated consumer would understand that the front of the letter provides an 'offer' to pay a reduced amount and various payment options to satisfy the debt" and would not assume that the required notices regarding disputing or inquiring about the debt "were merely offers" based on the language that Defendant "is not obligated to renew this offer," *id.* at *5; (3) the option to make a down payment and then pay the remaining balance thirty days after the initial payment is *received* is not misleading or in violation of the FDCPA, *id.* at *5-6; and (4) the placement of the validation notice does not violate the FDCPA as "[t]he notice is not printed in a smaller font, or overshadowed by other large or bold font" and instead is "provided in legible typeface, among other important information . . .," *id.* at 6. The Court sees no reason to depart from Judge Matsumoto's conclusion that "[n]othing about the collection letter at issue here leads to the conclusion that the recipient would be duped into validating a debt she did not owe" and that "Plaintiff's allegations amount to cherry-picking various portions of the letter, presenting them in a complaint deprived of context, and hoping something will stick." *Id.* The Court has considered Plaintiffs' arguments as to why this Court should not adopt the reasoning in Judge Matsumoto's decision in *Dillard* and finds them to be without merit.

**CONCLUSION**

For the reasons herein, Defendant's motion to dismiss is **GRANTED** and Plaintiffs'

Complaint is dismissed.

**SO ORDERED.**

**Dated: March 12, 2021**
          **New York, New York**

_____
          **ANDREW L. CARTER, JR.**
          **United States District Judge**